```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION
```

TWANNER E. WILLIAMS,           *

    Plaintiff,              *

vs.                            *     CASE NO. 4:24-cv-39 (CDL)

KIA GEORGIA, INC.,             *

    Defendant.              *

O R D E R

Twanner Williams, proceeding pro se, brought this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Presently pending before the Court are Defendant's ("Kia") motion to dismiss (ECF No. 5) and motion to transfer (ECF No. 6) this action. For the reasons that follow, Defendant's motions are denied.

BACKGROUND

Williams, who resides in the Columbus Division of the Middle District of Georgia, was previously employed at a Kia manufacturing facility located in West Point, Troup County, Georgia. Norris Decl. ¶¶ 4, 5, ECF No. 5-1. Although Troup County is located within the Newnan Division of the United States District Court for the Northern District of Georgia (the "Newnan Division"), Troup County is actually adjacent to Harris County, which is within the

Columbus Division, and West Point is approximately 40 miles from Columbus and 45 miles from Newnan.[1]  Williams's allegations concern events at this manufacturing facility and Kia asserts that all records relevant to this action are located in West Point.  Norris Decl. ¶ 6.  Kia also claims that most anticipated witnesses for this action, such as Kia management, reside in West Point.  For these reasons, Kia moved the Court to transfer this action to the Newnan Division pursuant to 28 U.S.C. § 1404(a).  Williams opposes this transfer because she resides in Columbus with her husband, whom she must take to medically necessary dialysis treatments in Columbus three times a week.  Pl.'s Resp. to Def.'s Mot. to Dismiss & Mot. to Transfer ¶ 2, ECF No. 8.

Kia also moves to dismiss this action arguing that Williams has not adequately alleged a federal claim for disability discrimination.  In the alternative, Kia requests that Williams be ordered to provide a more definite statement of her claim.  The Court first addresses the venue motion, then the motion to dismiss, or in the alternative, motion for a more definite statement.

MOTION TO TRANSFER

Kia does not appear to dispute that venue could be proper in the Middle District of Georgia.  However, it argues that the Newnan Division of the Northern District of Georgia would be a more

---

[1] The Court takes judicial notice of these facts based on personal experience acknowledging that the mileage may not be exact.

convenient venue. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To assess Kia's § 1404(a) transfer request, the Court must determine (1) if this action "might have been brought" in the Newnan Division, and (2) if the convenience of the parties and witnesses and the interest of justice favor transfer to the Newnan Division. *Id.*

**I.   Where This Action "Might Have Been Brought"**

This action might have been brought in the Newnan Division. *Id.* An action might have been brought in a suggested forum if the court situated in that forum has subject matter jurisdiction over the action, has personal jurisdiction over the defendants to the action, and provides a proper venue. *Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-cv-105 (CDL), 2008 WL 5263709, at *2 (M.D. Ga. Dec. 17, 2008) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)).

Here, the Newnan Division has subject matter jurisdiction over Williams's ADA and Rehabilitation Act claims because they "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. The Newnan Division also has personal jurisdiction over Kia because Kia operates a manufacturing facility within that division and therefore has significant contacts with the proposed forum. Finally, the Newnan Division is an appropriate venue for

3

this action because the events giving rise to Williams's claims occurred in the Troup County facility and a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  Therefore, this action might have been brought in the Newnan Division.

## II. Convenience of the Parties and Witnesses and the Interest of Justice

The Court is unconvinced, however, that the convenience of the parties and witnesses and interest of justice support a transfer of venue.  The Eleventh Circuit has identified nine factors relevant to this inquiry:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  Preliminarily, the Court observes that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)).  Kia has not carried this burden.

Both the Newnan Division and this Court may compel the attendance of any unwilling witnesses and will be equally familiar with the law governing Williams's claims.  Thus, these factors are neutral.

The Court is also unconvinced that the witnesses and documents are much closer to Newnan than they are Columbus.  The Kia plant is in West Point which is located in Troup County.  While Troup County is in the Newnan Division, West Point is approximately 45 miles from the Newnan Division courthouse which is in Coweta County.  Troup County is adjacent to Harris County which is in the Columbus Division of the Middle District, and West Point is not much farther from the Columbus Division courthouse than it is the Newnan Division courthouse.  Thus, the first, second, and fourth factors do not weigh definitively in favor of transfer.

The Court also finds that Williams's health-related challenges related to her husband's dialysis produce an inconvenience to her if she were required to travel to Newnan which outweighs any slight inconvenience for Kia and its witnesses if they have to litigate this action in the Columbus Division.  Kia has simply failed to demonstrate that Williams's choice of forum should be disturbed.  Accordingly, Kia's motion to transfer this action is denied.

5

MOTION TO DISMISS

Kia seeks to dismiss Williams's Complaint arguing that it fails to adequately plead facts in compliance with Federal Rule of Civil Procedure 8. The Court disagrees. The documents docketed as the Complaint with attached exhibits clearly allege that Williams is a disabled Army veteran with a service-related disability. She further alleges that Kia was aware of this disability and terminated her employment because of it. She also alleges that she provided her disability discrimination complaint to the Equal Employment Opportunity Commission and received a Right to Sue Letter. In addition to the factual allegations in her Complaint, she attached documents in support of those allegations which she incorporates as part of her Complaint.[2]

Although a lawyer may have drafted the complaint in a more polished manner, the Court finds that Williams's Complaint, prepared pro se, clearly places Kia on notice of the nature of her claim and sufficiently alleges facts supporting it. Accordingly, the motion to dismiss is denied. Moreover, the Court finds that little would be accomplished, except delay, by requiring Williams to further plead her claims. Kia can explore those factual

---

[2] It is unclear to the Court whether Kia's counsel contends that Kia was never served with these documents. If that is the case, and counsel wishes to persist in some type of insufficient service defense, then counsel should file a separate motion. But if Kia has received these documents, it seems that such a defense would ultimately prove to be futile and create additional unnecessary delay and expense.

allegations during discovery. Accordingly, the Court does not order that Williams provide a more definite statement of her claim.

## CONCLUSION

For the foregoing reasons, Kia's motion to transfer (ECF No. 6) and motion to dismiss (ECF No. 5) this action are denied. The Clerk shall issue a Rules 16/26 Order.

IT IS SO ORDERED, this 3rd day of June, 2024.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA