# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| TWANNER E. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-cv-00039-CDL |
| KIA GEORGIA INC, | : |
| Defendant. | : |

## ORDER

Following referral from the District Judge, before the Court is Plaintiff's motion for appointment of counsel (ECF No. 14). Plaintiff claims that appointed counsel is necessary because she is on a fixed income, the case has moved into discovery, and she is unsure how to proceed. Pl.'s Mot. to Appoint Couns., ECF No. 14.

A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a civil lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Further, it is not clear to the Court that Plaintiff is unable to afford counsel. First, Plaintiff is not proceeding *in forma pauperis* under 28 U.S.C. § 1915, because she paid the filing fee at the time she initiated this action. Second, Plaintiff submits documentation showing her gross monthly household income is approximately $6,452.09. Pl.'s Mot. to Appoint Couns. Ex. Benefit Docs. 2-3, ECF No. 14-1. For a two-person household, the Federal poverty guideline is $1,703.33 per month. *See* 2024 HHS Poverty Guidelines, 89 Fed. Reg. 2961, 2962, 2024 WL 167980 (Jan. 17, 2024).

justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting [her] case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. The Court disagrees that the case is complex, and Plaintiff has demonstrated the ability to litigate her case, including filing pleadings and motions sufficiently setting out her contentions to allow review by the Court. In fact, Plaintiff's complaint survived Defendant's motion to dismiss, with the Court noting that her complaint sufficiently alleges facts supporting her claim. Order 6, June 3, 2024, ECF No. 11. As it relates to discovery, the Court entered an order regarding discovery which should, together with the Federal Rules of Civil Procedure, provide Plaintiff with further guidance. Order, June 3, 2024, ECF No. 12. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [her] case is not so unusual" that appointed counsel is necessary at this time. *Bass v. Perrin*, 170

F.3d 1312, 1320 (11th Cir. 1999).  Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 14) is **DENIED**.

**SO ORDERED** this 21st day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE