IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TWANNER E. WILLIAMS, | * |
| Plaintiff, | * |
| vs. | * |
| | *    CASE NO. 4:24-cv-39 (CDL) |
| KIA GEORGIA, INC., | * |
| Defendant. | * |
| | * |

O R D E R

Twanner Williams, proceeding *pro se*, failed to comply with this Court's Order (ECF No. 18) directing her to respond to Kia Georgia, Inc.'s discovery requests. Moreover, she filed several frivolous motions. These motions (ECF Nos. 19, 20, & 21) are denied, and Kia's motion to compel or dismiss (ECF No. 22) is granted. Williams's complaint is dismissed for the reasons that follow.

STANDARD

"If a party . . . fails to obey an order to provide . . . discovery, . . . the [C]ourt . . . may issue further just orders" which may include "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v). "Sanctions . . . for violation of an order are only appropriate if the order stated in specific and clear terms what acts were required or prohibited." *Consumer Fin.*

*Prot. Bureau v. Brown*, 69 F.4th 1321, 1330 (11th Cir. 2023) (internal quotation marks omitted) (quoting *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000)). The Court "retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the [C]ourt's discovery orders." *Id.* at 1331 (internal quotation marks omitted) (quoting *Hashemi v. Campaigner Publ'ns Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984)) (per curiam). "[T]he district court is always required to assess whether lesser sanctions would suffice" before ordering dismissal as a discovery sanction. *Id.*

BACKGROUND

Williams alleges in her complaint that Kia discriminated against her because of her disability in violation of the Americans with Disabilities Act of 1990. Kia served Williams with its first discovery requests in August of 2024, but Williams refused to respond to any of its requests, stating in a conclusory manner that the questions were irrelevant and based on improper assumptions. Kia attempted to schedule an in-person meeting to resolve this discovery dispute, but Williams stated she would only meet with Kia at the federal courthouse in Columbus, Georgia, with a police escort.

The discovery deadline loomed, and Williams had not responded to any of Kia's discovery requests. Kia moved to

extend the deadline, which motion the Court granted, adding that "[t]he Court excuses [Kia] from holding an in person good faith meeting prior to filing a motion to compel. [Williams] is ordered to respond to [Kia's] . . . discovery requests by December 20, 2024." Text Order, ECF No. 18. The Court warned that "[f]ailure to respond fully to the requests will authorize Defendant to file a motion to compel, and could result in sanctions including the dismissal of [Williams]'s complaint." *Id.*

Notwithstanding the Court's clear directives, Williams, instead of complying with the Court's order, filed a motion for reconsideration (ECF No. 19), a motion requesting a default judgment (ECF No. 20), and a motion for a protective order (ECF No. 21). Kia responded to these motions and filed its motion to compel or dismiss Williams's complaint for failure to comply with this Court's Order that she engage in discovery (ECF No. 22). To date, Williams has not responded to any discovery request from Kia.

## DISCUSSION

The Court finds that (1) Williams's motions should be denied because they are frivolous and (2) that dismissal of Williams's complaint is warranted because of her flagrant refusal to comply with this Court's Order that she respond to Kia's legitimate discovery.

3

**I.   Williams's Motions**

Generally, motions for reconsideration will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).  Williams has failed to demonstrate any basis for reconsideration of the Court's order compelling discovery. She merely argues that the Court was wrong and that her blanket objection to all of Kia's discovery requests was a sufficient response.  She also alleges, without evidentiary support, that Kia was insincere in its efforts to meet with her to resolve this dispute, so she felt she need not meet with them absent a security detail at the courthouse.  These conclusory allegations are insufficient to warrant revisiting the Court's prior Order. A blanket objection to all discovery requests as irrelevant and a vague notion that the opposing party is not sincere cannot justify a total disregard of the discovery process.  She also argues that she received a phone call, which she did not answer, from Bulldog Kia, which she construes as a threat from Kia. This call alone does not support the conclusion that Kia threatened her, and she has not presented any other circumstance justifying reconsideration of the Court's prior Order.

Williams also moved for a default judgment against Kia, which she argues is warranted because Kia committed "perjury." Mot. for J. by Default for the Suggestion of Perjury 1, ECF No. 20. The Court is not aware of any Federal Rule of Civil Procedure which authorizes it to award default judgment where a party makes an accusation of perjury against an opposing party. Additionally, Williams cites O.C.G.A. §§ 16-10-70 and 16-10-71 as the bases for her motion. But these criminal statutes do not support her request for a default judgment. Defendants have not "failed to plead or otherwise defend" this action, so a default judgment is not warranted. Fed. R. Civ. P. 55(a).[1]

Finally, Williams moved for a protective order. She claims she received spam calls, voicemails, emails, and texts as well as Amber Alerts since she initiated this action. Williams seems to suggest that these communications are all coordinated by Kia as threats against her due to this litigation. There is no evidence that Kia had anything to do with these communications, and the Court finds this motion frivolous. It is accordingly denied.

**II. Kia's Motion**

Kia moved to compel Williams to respond to its discovery requests or, in the alternative, to dismiss her complaint due to

---

[1] The Court also notes that Williams has not presented any evidence that Kia actually committed perjury.

5

her failure to follow the Court's prior Order that she engage in discovery. Williams not only refused to answer any discovery request from Kia after the Court ordered her to do so, but she also refused to even meet with Kia to resolve the dispute and filed three meritless motions in an attempt to avoid her discovery obligations. She engaged in this conduct notwithstanding the Court's warning that "[f]ailure to respond fully to the requests will authorize Defendant to file a motion to compel, and could result in sanctions including the dismissal of [Williams]'s complaint. Text Order, ECF No. 18. In light of these circumstances, the Court finds that Williams's conduct demonstrates flagrant disregard and willful disobedience of this Court's prior Order, and sanctions less severe than dismissal will not suffice. Accordingly, Kia's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, Williams's motions (ECF Nos. 19, 20, & 21) are denied. Kia's motion to compel or dismiss (ECF No. 22) is granted, and Williams's complaint is dismissed.

IT IS SO ORDERED, this 20th day of February, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA